UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT LINDSAY HALFHILL,

Petitioner,

v.

RONALD HAYNES,

Respondent.

CASE NO. 2:23-cv-01630-LK-GJL

REPORT AND RECOMMENDATION

NOTED FOR: February 2, 2024

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Scott Lindsay Halfhill, proceeding *pro se*, filed a federal habeas petition ("Petition") pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 3. The Court concludes the Petition is time barred and recommends it should be **DISMISSED with prejudice**.

## I.    BACKGROUND

A.    <u>Conviction and Direct Appeal</u>

Following a jury trial in King County Superior Court, Petitioner was found guilty of second-degree murder. Dkt. 3, ¶¶ 1, 5, 6. He was then sentenced to 220 months of incarceration.

Dkt. 3, ¶ 3. Petitioner challenged his conviction and judgment on direct appeal. Dkt. 3, ¶ 9; Dkt. 7-1, Ex. 1; Dkt. 7-1, Ex. 2; Dkt. 7-1, Ex. 4. The Court of Appeals of the State of Washington, Division One ("State Appeals Court") affirmed Petitioner's conviction on December 10, 2018. Dkt. 7-1, Ex. 5 (Cause No. 77246-5). Petitioner then sought discretionary review by the Washington Supreme Court. Dkt. 7-1, Ex. 6. On April 3, 2019, the Washington Supreme Court denied review. Dkt. 7-1, Ex. 7 (Cause No. 96718-1). Petitioner did not petition the United States Supreme Court for a writ of certiorari on his direct appeal.[1] The State Appeals Court issued its mandate on May 3, 2019. Dkt. 7-1, Ex. 8.

B.     State Collateral Review

Having exhausted his opportunities for direct review, Petitioner initiated a state collateral attack on his conviction by filing a personal restraint petition ("PRP") on March 27, 2020. Dkt. 7-1, Ex. 9. After appointing counsel to assist Petitioner, the State Appeals Court denied his PRP in an unpublished decision. Dkt. 7-1, Ex. 15 (Cause No. 81305-6). Petitioner sought discretionary review of that decision in the Washington Supreme Court (Dkt. 7-1, Ex. 16), but his request for review was denied by a Washington Supreme Court Commissioner (Dkt 7-1, Ex. 17). Petitioner's subsequent motion to modify the Commissioner's decision was also denied. Dkt. 7-1, Ex. 19 (Cause No. 101347-7). The State Appeals Court issued a statement of finality on May 5, 2023. Dkt. 7-1, Ex. 20. Petitioner then petitioned the United States Supreme Court for a writ of certiorari, and the Supreme Court denied his certiorari petition on October 10, 2023. Dkt. 7-1, Ex. 21–22 (Case No. 23-5343).

---

[1] In the direct appeal section of his Petition, Petitioner answers that he filed a petition for certiorari and lists "23-5343" as the case number for his certiorari petition. Dkt. 3, ¶ 9(h). However, the certiorari petition associated with the listed case number relates to Petitioner's collateral review in state court, not his direct appeal. Dkt. 7-1, Ex. 21, 22.

C.     Federal Collateral Review

The instant Petition for federal collateral review of Petitioner's conviction was mailed and received on October 23, 2023, marking the commencement of this suit. Dkts. 1, 3. Respondent filed an Answer to the Petition, wherein he asserts the Petition was filed outside of the federal one-year statute of limitations. Dkt. 6. Respondent argues the Petition is therefore time barred and should be dismissed with prejudice, but preserves alternative arguments for dismissal, including exhaustion and procedural default. *Id*. The time for filing a reply has passed with none filed by Petitioner. *See* LR 7 (replies must be filed by noting date); Dkt. 6 (noting date December 29, 2024).

## II.     DISCUSSION

Petitioner filed his Petition on October 23, 2023. *See* Dkts. 1, 3. Respondent argues that the Petition was filed after the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, and that Petitioner is not entitled to any form of tolling that would excuse the late filing. Dkt. 6.

A.     Statute of Limitations

Pursuant to AEDPA, a one-year statute of limitations applies to federal habeas petitions. 28 U.S.C. § 2244(d). Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state-court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."

Where, as here, a habeas petitioner has sought direct review of his conviction, his state-court judgment generally becomes "final" either when the United States Supreme Court rules on a timely filed certiorari petition or upon the expiration of time for filing such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999); *see also Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012). Petitioner's conviction was affirmed on direct appeal, the Washington Supreme Court

1    denied discretionary review on April 3, 2019. Dkt. 7-1, Ex. 7. Because Petitioner did not petition

2    for certiorari in the United States Supreme Court, his state-court judgment became final on July

3    2, 2019, the date on which his time for petitioning for certiorari expired. *See* U.S. Sup. Ct. Rule

4    13 (a writ of certiorari must be filed within 90 days after entry of judgment). Thus, the one-year

5    limitations period for the instant Petition began running the following day on July 3, 2019. *See*

6    *Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir. 2001) (AEDPA's time limits are

7    calculated in accordance with Fed. R. Civ. P. 6(a)).

8    　　　　B.　　Statutory Tolling

9    　　　　Once AEDPA's limitations period begins, it is tolled while a "properly filed application

10    for state post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); *see*

11    *Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005). An application for state collateral review remains

12    "pending" until the application "has achieved final resolution through the State's post-conviction

13    procedures." *Carey v. Saffold,* 536 U.S. 214, 220 (2002); *Corjasso v. Ayers*, 278 F.3d 874, 879

14    (9th Cir. 2002) (finding the statute of limitations remains tolled until the state collateral attack

15    becomes final). In other words, the time in which a petitioner properly seeks collateral review of

16    his conviction in state court does not count against him for the purpose of filing a timely habeas

17    petition in federal court.

18    　　　　For Petitioner, the AEDPA limitations period ran uninterrupted for 268 days. Then,

19    Petitioner filed his PRP, tolling the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See*

20    Dkt 7-1, Ex. 9. Therefore, the limitations period stopped running from March 27, 2023, until

21    May 5, 2023, which is the day Petitioner's PRP became final. When his PRP became final,

22    Petitioner had 97 days remaining to file a timely federal habeas petition. In other words, he had

23    until August 10, 2023, to initiate the instant case. But Petitioner did not initiate this case until

24

October 23, 2023, making his Petition untimely unless he is otherwise entitled to equitable tolling.

        C.    <u>Equitable Tolling</u>

        The one-year statute of limitations governing federal habeas petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). The Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A habeas petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065.

        In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently[;] and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). In addition to demonstrating extraordinary circumstances, a petitioner must establish that the circumstances were—in fact—the reason the federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

        For the purposes of this analysis, the Court assumes that Petitioner has pursued his rights diligently. Even so, he does not identify any extraordinary circumstances beyond his control that prevented him from timely filing his Petition. Instead, he proceeded under the mistaken belief that his petition for writ of certiorari to the United States Supreme Court on his state collateral review tolled the statute of limitations. Dkt. 3, ¶ 18. But Petitioner's "inability correctly to

calculate the limitations period is not an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Therefore, Petitioner has not shown he is entitled to equitable tolling, and the Court finds that his Petition is barred by AEDPA's one-year limitations period.

D.    Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the allegations would not entitle a petitioner to relief under § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. A federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court, unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022).

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed, the Petition may be resolved as untimely on the existing state court record.

E.    Certificate of Appealability

Finally, a petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a District or Circuit Judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial

of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No reasonable jurist could disagree with the Court's evaluation of Petitioner's claims or conclude that the issues presented in the Petition should proceed further. Therefore, the Court finds that Petitioner is not entitled to a certificate of appealability.

## III.    CONCLUSION

For the stated reasons, the Petition is untimely as it was filed more than one year after the state court judgment became final, and there are no extraordinary circumstances that would require the application of equitable tolling. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d), and the Court recommends the Petition be **DISMISSED with prejudice**. No evidentiary hearing is required and a certificate of appealability should be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

**February 2, 2024**, as noted in the caption.

Dated this 17th day of January, 2024.

Grady J. Leupold
United States Magistrate Judge