UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT LINDSAY HALFHILL,<br><br>      Petitioner,<br><br> v.<br><br>RONALD HAYNES,<br><br>      Respondent. | CASE NO. 2:23-cv-01630-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Grady J. Leupold, to which neither party has filed objections. Dkt. No. 8. As set forth below, the Court Adopts the R&R and dismisses Petitioner Scott Halfhill's petition with prejudice.

**I. BACKGROUND**

Mr. Halfhill, who is appearing pro se, is currently confined at the Airway Heights Corrections Center. Dkt. No. 1 at 1. He filed this habeas petition under 28 U.S.C. § 2254 on October 23, 2023, seeking relief from his 2017 conviction for second degree murder in King

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

County Superior Court. *Id.*; *see also State v. Halfhill*, No. 77246-5-1, 2018 WL 6503324 (Wash. Ct. App. Dec. 10, 2018) (unpublished).

Judge Leupold issued his R&R recommending dismissal with prejudice because the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") expired for Mr. Halfhill on August 10, 2023, and therefore his petition is time-barred. Dkt. No. 8 at 3–5, 7. Further, Mr. Halfhill failed to demonstrate extraordinary circumstances necessary to entitle him to equitable tolling. *Id.* at 5–6. The R&R also recommends denying an evidentiary hearing and a certificate of appealability. *Id.* at 6–7.

## II.   DISCUSSION

### A.   Standards for Reviewing a Report and Recommendation

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

### B.   Mr. Halfhill's Petition Is Time-Barred

A person in custody pursuant to a state court judgment may petition for a writ of habeas corpus within one year of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under AEDPA, this one-year statute of limitations is tolled during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *see Stewart v. Cate*, 757 F.3d 929, 934 (9th Cir. 2014). And because AEDPA's limitations period is not a jurisdictional bar, it may be equitably tolled if a petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Court agrees with Judge Leupold that Mr. Halfhill's petition is untimely. As Judge Leupold explained, the Washington Supreme Court denied Mr. Halfhill's request for discretionary review on April 3, 2019 and Mr. Halfhill did not petition the United States Supreme Court for a writ of certiorari on his direct appeal. Dkt. No. 8 at 2–4. His state court judgment therefore became final 90 days later when the deadline for filing such a petition expired. *Id.* at 4; *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Bowen v. Roe*, 188 F.3d 1157, 1159–60 (9th Cir. 1999). Although the Supreme Court denied Mr. Halfhill's petition for a writ of certiorari regarding his *collateral* review on October 10, 2023, that decision was not the conclusion of *direct* review and thus did not trigger the start of the limitations period. 28 U.S.C. § 2244(d)(1)(A); Dkt. No. 7-2 at 795.

The AEDPA limitations period ran for 268 days from July 3, 2019—91 days after the Washington Supreme Court's April 3, 2019 denial of review—to March 27, 2020 when he mailed

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

his personal restraint petition. Dkt. No. 8 at 2, 4; Dkt. No. 7-1 at 198, 231; 28 U.S.C. § 2244(d)(2).[1] The limitations period began to run again on May 6, 2023, the day after his PRP became final. Dkt. No. 7-2 at 790–91; Dkt. No. 8 at 4. Thus, Mr. Halfhill had 97 days—until August 10, 2023—to file his habeas petition, but he did not do so until October 23, 2023. *See* Dkt. No. 1. The Court thus adopts the R&R's conclusion that the petition is untimely.

The Court also adopts the R&R's conclusion that equitable tolling is unwarranted. Mr. Halfhill's mistaken belief that his petition for a writ of certiorari on his state collateral review tolled the statute of limitations, Dkt. No. 1 at 12–13, "is not an extraordinary circumstance warranting equitable tolling," Dkt. No. 8 at 5–6 (quoting *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)). The Court further agrees with Judge Leupold that this matter can be decided without an evidentiary hearing and adopts this portion of the R&R. Dkt. No. 8 at 6; *see also Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (no obligation to hold evidentiary hearing when no extraordinary circumstance caused untimely filing of habeas petition).

Finally, the Court adopts the R&R's conclusion that the Court should deny a certificate of appealability because no reasonable jurist would conclude that the issues presented in this petition should proceed further. Dkt. No. 8 at 6–7; *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (holding that a prisoner demonstrates "a substantial showing of the denial of a constitutional right" warranting a certificate of appealability under AEDPA "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further").

---

[1] Under the prison mailbox rule, a prisoner's habeas petition is deemed filed when he gives it to prison authorities for mailing. *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) The Court ADOPTS the Report and Recommendation, Dkt. No. 8.

(2) Mr. Halfhill's petition is DISMISSED with prejudice.

(3) A certificate of appealability is DENIED.

The Clerk is directed to send uncertified copies of this Order to Judge Leupold, all counsel of record, and Mr. Halfhill.

Dated this 4th day of March, 2024.

Lauren King
United States District Judge